IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOUIE ENCINIAS,

Plaintiff,

vs. Civ. No. 08-731 JP/LFG

RON TORRES, Director of
Bernalillo County Metropolitan Detention
Center; CITY OF ALBUQUERQUE;
MARTIN CHAVEZ, Albuquerque Mayor
(individually and in his official capacity);
COUNTY OF BERNALILLO; BERNALILLO
COUNTY MANAGER THADDEUS LUCERO
(individually and in his official capacity);
BERNALILLO COUNTY SHERIFF'S DEPARTMENT;
DARREN WHITE, Bernalillo County Sheriff
(individually and in his official capacity); and
JOHN DOES 3 AND 4, Bernalillo County Sheriff's Deputies
(individually and in their official capacities),

Defendants.

MEMORANDUM OPINION AND ORDER

On July 25, 2009, Defendants County of Bernalillo Sheriff's Department, Darren White, Ron Torres, County of Bernalillo, and Thaddeus Lucero ("Bernalillo County Defendants") filed Bernalillo County Defendants' Motion for Summary Judgment (Doc. No. 35). Defendants Bernalillo County Commission and Bernalillo County Metropolitan Detention Center had also joined in bringing the motion for summary but Plaintiff's claims against these Defendants have since been dismissed with prejudice. Stipulated Order Dismissing Certain Bernalillo County Defendants (Doc. No. 51), filed August 28, 2009. In addition, Plaintiff's claims against Bernalillo County Defendants John Does 1 and 2 "who did not late [sic] work for the City of Albuquerque at, or for, the Bernalillo County Metropolitan Detention Center" were dismissed

with prejudice. *Id*. The Court notes that Defendants Bernalillo County Sheriff's Deputies John Does 3 and 4 (the "Sheriff's Deputies") did not join in the motion for summary judgment. However, since the subject of this motion for summary judgment involves the Sheriff's Deputies, the Court will consider those Defendants in resolving the motion for summary judgment. Furthermore, the Court notes that although one of these John Does has now been identified as Sheriff's Deputy Sam Santillanes, he has not yet been served with process.

The Bernalillo County Defendants assert that they are entitled to summary judgment on all of Plaintiff's claims because Plaintiff failed to meet two statutes of limitations. Having reviewed the briefs and relevant law, the Court determines that 1) summary judgment should be granted in favor of the Sheriff's Deputies, Defendant County of Bernalillo, and Defendant White with respect to the false arrest and false imprisonment claims brought under the New Mexico Tort Claims Act ("NMTCA") and 42 U.S.C. §1983; 2) the Bernalillo County Defendants' request for an award for attorney's fees and costs should be denied; and 3) Plaintiff's request for attorney's fees should be denied.

*A. Background*

*1. Procedural Background*

On March 25, 2008, Plaintiff filed this lawsuit in the New Mexico Second Judicial District Court for damages arising under the NMTCA and §1983. The Plaintiff sued various officials and entities associated with the County of Santa Fe, the City of Albuquerque, and the County of Bernalillo. The lawsuit was removed to federal district court on August 6, 2008. On January 5, 2009, the Court dismissed various claims against the Santa Fe County Defendants and allowed Plaintiff to file a motion to amend the complaint. Memorandum Opinion and Order (Doc. No. 18). Then, on March 3, 2009, the parties stipulated to dismissing with prejudice all of

the claims against the Santa Fe County Defendants. Stipulation of Dismissal of All Claims Against Santa Fed County Defendants with Prejudice (Doc. No. 29). On March 4, 2009, the Plaintiff filed a Second [sic] Amended Complaint for Violation of Civil Rights, False Imprisonment, False Arrest, Assault and Battery, Breach of Duty, and Injunctive Relief (Doc. No. 30)("Amended Complaint").[1]

*2. Factual Background*

Plaintiff alleges in the Amended Complaint that on March 16, 2005 he was released from the Santa Fe County Detention Center and transferred immediately to the custody of the Sheriff's Deputies who had an arrest warrant for a man with a name similar to Plaintiff's. According to Plaintiff, the Sheriff's Deputies reviewed the arrest warrant and determined that the arrest warrant was indeed for another man. In fact, Plaintiff alleges that he told the Sheriff's Deputies that he thought the matter had been resolved when he spoke previously with Santa Fe County Sheriff's Deputies who had decided not to serve him with the arrest warrant due to the mistaken identity. Plaintiff contends that the Sheriff's Deputies, nonetheless, took him from the Santa Fe County Detention Center to a nearby Allsup's Convenience Store so they could call "their superiors and/or the jail" about the mistaken identity issue. Amended Complaint at ¶13. "After the phone call the Deputies told Plaintiff not to worry, if it was not him they would release him." *Id.*

The Sheriff's Deputies then proceeded to transport Plaintiff to the Metropolitan Detention Center ("MDC") in Albuquerque. The City of Albuquerque operated MDC at that time and continued to operate the MDC until June 30, 2006. The County of Bernalillo assumed

[1]A first amended complaint was never filed in this case.

the sole responsibility for operating MDC on July 1, 2006.

Plaintiff alleges that after arriving at MDC he was fingerprinted, photographed and booked by an MDC Corrections Officer and that his personal information was merged with the information regarding the person named in the arrest warrant. According to Plaintiff, this erroneous information was relayed to the National Criminal Information Center ("NCIC") and continues to be on file with the NCIC. Plaintiff alleges that although Defendants have been on notice, they have not corrected the NCIC problem.

Plaintiff further contends that he told an MDC corrections officer that the arrest warrant was not meant for him. That officer purportedly told Plaintiff that if there were a mistaken identity a judge would release him from MDC. In the meantime, Plaintiff was placed in the MDC jail population.

Plaintiff alleges that about a week later he spoke with Leroy Perea, a paralegal from the New Mexico Public Defender's office, about the arrest warrant situation. Plaintiff maintains that two weeks after his incarceration he was taken back to booking where he explained the mistaken identity issue. Plaintiff further alleges that he was told that the District Attorney's office would be informed of the mistaken identity and his release would be arranged. Plaintiff contends that on April 15, 2005, he went to state district court where the District Attorney's office filed a *nolle prosequi* and the Honorable State District Court Judge Denise Barela Shepherd released him on his own recognizance.

*3. Claims Raised in the Amended Complaint*

Plaintiff raises multiple confusing and sometimes vague claims in the Amended Complaint. Liberally construing the Amended Complaint, the Court believes that Plaintiff's remaining claims include the following:

a. Defendants County of Bernalillo and John Does falsely arrested and imprisoned Plaintiff, (Amended Complaint at ¶20);

b. Defendants County of Bernalillo and John Does committed assault and battery, *id*.;

c. Defendants County of Bernalillo, City of Albuquerque, Albuquerque City Council, Chavez, Bernalillo County Sheriff's Department, White, and Lucero failed to remove false information entered into the NCIC network which "constitute[d] libel, intentional infliction of emotional distress and deprivation of Plaintiff's liberty interest in his good name," *id*. at ¶¶29, 46;

d. Defendants County of Bernalillo and Torres "knew or should have known, and were deliberately indifferent to the fact that the policies and procedures in effect, and their acts and omissions related thereto, were likely to result in the extended unlawful incarceration of the Plaintiff in violation of his constitutionally protected rights. The Defendants should have taken reasonable steps to advise the District Attorney, District Court, or Law Enforcement of the apparent improper incarceration. At the very least, Defendants knew or should have known that the Plaintiff, whose identity did not match the description of the true Defendant could not be held indefinitely without a Court Hearing. The Defendants' failure to take such steps evince deliberate indifference to Plaintiff Encinias' constitutional and statutory rights," *id*. at ¶23;

e. Defendants County of Bernalillo, City of Albuquerque, Albuquerque City Council, Chavez, Bernalillo County Sheriff's Department, White, and Lucero acted in a "reckless, grossly negligent or intentional" manner when they failed to properly train/supervise personnel, and they acted in a reckless or extremely negligent manner when they failed to have appropriate policies and procedures in place to prevent the arrest and imprisonment of misidentified persons, *id*. at ¶¶43 and 44;

f. Defendants City of Albuquerque, County of Bernalillo, and White violated Plaintiff's Fourth Amendment right to be free from unlawful "arrest, search, detention, assault, battery and harassment without probable cause," *id*. at ¶27;

g. Defendants City of Albuquerque, County of Bernalillo, and White violated the Fourteenth Amendment by destroying Plaintiff's "good name and his right to obtain work," *id*.;

h. Defendants City of Albuquerque, County of Bernalillo, and White's conduct "constitute[d] false arrest, false imprisonment, assault, battery and unlawful detention and libel under the common law of New Mexico" *id*. at ¶28;

i. the false arrest of Plaintiff constituted "intentional gross negligence and deliberate indifference for which immunity was not designed to protect," *id*. at ¶37;

j. the "Defendants" acted with "gross negligence and deliberate indifference" in failing to address Plaintiff's improper incarceration, *id*. at ¶39; and

k. Defendants City of Albuquerque, Albuquerque City Council, Chavez, County of Bernalillo, Lucero, County of Bernalillo Sheriff's Department, and White are liable under the doctrine of *respondeat superior*, *see id*. at pg. 12 (title of Count III: "Respondeat Superior and Failure to Train/Supervise").

*B. Standard of Review*

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of the non-movant's pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

*C. Discussion*

*1. The Statutes of Limitations Defense*

The Bernalillo County Defendants argue, and the Plaintiff concedes, that any claims regarding the operation of MDC prior to July 1, 2006 are properly brought only against the Albuquerque City Defendants, not the Bernalillo County Defendants. The Bernalillo County Defendants, therefore, argue that the only claims Plaintiff has against them are his false arrest claims against the Sheriff's Deputies which they argue are barred by the two year statute of limitations for NMTCA claims and the three year statute of limitations for §1983 claims. Plaintiff, however, asserts that "the remaining issue in Defendant's Motion for Summary Judgment relates to Plaintiff's claims resulting from the false arrest <u>and false imprisonment</u> by Bernalillo County Sheriff's deputies." Memorandum in Opposition to Bernalillo County Defendants' Motion for Summary Judgment (Doc. No. 49) at 1, filed Aug. 17, 2000 (emphasis added). Plaintiff further mentions that the Bernalillo County Defendants did not address in their motion for summary judgment the claim that "Bernalillo County Sheriff's Department has taken no action to correct the erroneous NCIS [sic] information and has not contacted Plaintiff in this regard in any way known to the Plaintiff." Memorandum in Opposition at 2. The Bernalillo

County Defendants subsequently did not contest Plaintiff's assertion that the claims at issue are both false arrest and false imprisonment claims against the Sheriff's Deputies[2], nor did the Bernalillo County Defendants contest that there is also an outstanding NCIC claim which is not the subject of this motion for summary judgment.[3]

Furthermore, the Bernalillo County Defendants seek an award of attorney's fees and costs if they prevail on their motion for summary judgment. Plaintiff seeks an award of only attorney's fees if he defeats the motion for summary judgment.

*a. The Statute of Limitations for NMTCA Claims of False Arrest and False Imprisonment*

The Bernalillo County Defendants contend that Plaintiff did not meet the two year NMTCA statute of limitations because more than two years elapsed between the time he was

[2]As stated previously, the Plaintiff also alleges in the Amended Complaint that Defendants County of Bernalillo and White falsely arrested and falsely imprisoned Plaintiff. Amended Complaint at ¶¶20, 27 and 28. Plaintiff does not address these particular claims in his response although Defendants County of Bernalillo and White joined in the motion for summary judgment. Nonetheless, if the false arrest and false imprisonment claims against the Sheriff's Deputies, who actually made the arrest, are barred by a statute of limitations, then these claims against Defendants County of Bernalillo and White would necessarily be barred by that statute of limitations as well.

[3]Resolution of this motion for summary judgment still leaves the following Bernalillo County Defendants in this case: Torres, County of Bernalillo, Lucero, Bernalillo County Sheriff's Department, and White. It appears that Plaintiff no longer has claims against these Defendants for two reasons. First, any claims related to the operation of MDC are moot as to any of the Bernalillo County Defendants. Second, if the claims against the Sheriff's Deputies are dismissed, the Court doubts that there would be any remaining *respondeat superior* or failure to train/supervise claims. Although the Court questions whether there are any claims left against these Bernalillo County Defendants, the Court will leave it to the Bernalillo County Defendants to file any appropriate motions regarding these remaining claims or to the Plaintiff to voluntarily dismiss these claims.

arrested on March 16, 2005 and the time he filed his complaint on March 25, 2008.[4] The statute of limitations for claims brought under the NMTCA states:

> A. Actions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death....

NMSA 1978, §41-4-15 (1976). New Mexico courts have "consistently stated that the [NMTCA] statute of limitations commences when an 'injury manifests itself *and* is ascertainable, rather than when the wrongful or negligent act occurs.'" *See, e.g., Maestas v. Zager*, 2007-NMSC-003 ¶13, 141 N.M. 154 (quoting *Long v. Weaver*, 105 N.M. 188, 191, 730 P.2d 491, 494 (Ct. App. 1986)). In this case, Plaintiff clearly alleges in the Amended Complaint that he knew on March 16, 2006 that the Sheriff's Deputies wrongfully arrested and transported him to MDC based on another person's arrest warrant. Hence, the injury from both the alleged false arrest and false imprisonment by the Sheriff's Deputies manifested itself on March 16, 2006 and was ascertainable at that time. The two year statute of limitations for NMTCA claims bars Plaintiff from bringing the NMTCA claims of false arrest and false imprisonment against the Sheriff's Deputies.

---

[4]The Bernalillo County Defendants argue that Plaintiff cannot contend that there was a continuing wrong which would have extended the accrual date for the two statutes of limitations to April 15, 2005, the date Plaintiff was released from MDC. Plaintiff, however, does not advocate a continuing harm theory. Interestingly, Plaintiff fails to address the NMTCA two year statute of limitations and instead focuses on the three year statute of limitations for the §1983 false arrest and false imprisonment claims.

*b. The Statute of Limitations for §1983 Claims of False Arrest and False Imprisonment*[5]

The Bernalillo County Defendants also contend that Plaintiff did not meet the three year §1983 statute of limitations because more than three years elapsed between the time he was arrested on March 16, 2005 and the time he filed his complaint on March 25, 2008. Although the New Mexico three year personal injury statute of limitation applies to §1983 actions filed in New Mexico, "federal law governs the accrual time for §1983 claims." *Smith v. Gonzales*, 222 F.3d 1220, 1222 (10th Cir. 2000)(citation omitted). In determining the accrual date for §1983 false arrest and false imprisonment claims, the United States Supreme Court in *Wallace v. Kato*, 549 U.S. 384, 389 (2007) "refer[red] to the two torts together as false imprisonment." The United States Supreme Court reasoned that since "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id*. at 388. This Court will, likewise, refer to the §1983 false arrest and false imprisonment claims, collectively, as a false imprisonment claim.

In *Wallace*, the United States Supreme Court explained that the statute of limitations for false imprisonment begins when that false imprisonment ends. *Id*. at 389. Because "false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process...." *Id*. An example of a legal process which ends a false imprisonment is the service of an arrest warrant. *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008). Once a legal process is instituted, any unlawful detention thereafter forms the tort of malicious prosecution which is characterized by the "wrongful institution of legal process." *Wallace*, 549 U.S. at 390. The tort of malicious prosecution is considered analogous

---

[5]The common law torts of false arrest and false imprisonment are analogous to Fourth Amendment violations for purposes of bringing §1983 claims based on false arrest and false imprisonment. *See Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008).

to a violation of the due process clause of the Fourteenth Amendment. *Mondragon*, 519 F.3d at 1082.

Here, the Sheriff's Deputies served an arrest warrant on Plaintiff on March 16, 2005, thereby ending, at that time, any false imprisonment Plaintiff may have endured. Accordingly, the three year statute of limitations for false imprisonment began to run on March 16, 2005 and expired before Plaintiff filed his lawsuit on March 25, 2008. The statute of limitations, therefore, bars Plaintiff's §1983 false imprisonment claim, which incorporates the false arrest claim; and both claims will be dismissed with prejudice.

For the sake of argument, the Court will assume that Plaintiff is also alleging a §1983 malicious prosecution claim for unlawful detention beginning after the Sheriff's Deputies served him with the arrest warrant.[6] The statute of limitations for a §1983 malicious prosecution claim accrues when the legal process ends in favor of the plaintiff, e.g., the entry of an acquittal, a grant of a *habeas corpus* petition, or a voluntary dismissal. *Id*. at 1083. In this case, both the filing of the *nolle prosequi* and the release of Plaintiff on April 15, 2005 are considered a termination of the legal process in Plaintiff's favor. *See Miller v. Spiers*, ___ F.3d ___, 2009 WL2219256 *6 (10th Cir.)(the filing of a *nolle prosequi* results in a favorable termination of legal process). Consequently, Plaintiff would meet the three year statute of limitations for a §1983 malicious prosecution claim. The question, however, is whether Plaintiff has alleged sufficient facts in the Amended Complaint to state a plausible §1983 malicious prosecution claim.

---

[6]It is not essential that a complaint explicitly plead a claim of malicious prosecution so long as the complaint pleads sufficient facts which could support that claim. *Mondragon*, 519 F.3d at 1084 n. 7 (citation omitted).

To decide if a complaint states a claim upon which relief can be granted, the Court accepts all well-pleaded allegations as true and views them in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). In the context of a Fed. R. Civ. P. 12(b)(6) motion to dismiss, Rule 12(b)(6) requires that the complaint set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the complaint does not need to include detailed factual allegations, "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* In other words, dismissal of a complaint under Rule 12(b)(6) is proper only where it is obvious that the plaintiff failed to set forth "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1939, 2009 WL 1361536 **12 (2009)(citations omitted).

To state a §1983 malicious prosecution claim, the Plaintiff must allege facts which show that "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Miller*, 2009 WL 2219256 at *4 (citations omitted). The facts alleged by Plaintiff in the Amended Complaint, however, do not indicate that the Sheriff's

Deputies acted with malice in their treatment of Plaintiff once they arrested him. Instead, Plaintiff's alleged facts show that the Sheriff's Deputies tried to sort out the confusion by calling their supervisors and/or jailers shortly after arresting Plaintiff. According to the Plaintiff's allegations in the Amended Complaint, the Sheriff's Deputies also tried to reassure Plaintiff that the matter would be taken care of, presumably when he arrived at MDC. The Sheriff's Deputies apparently followed orders to transport Plaintiff to MDC at which point MDC personnel took custody of Plaintiff. Not having alleged sufficient facts to show malice on the part of the Sheriff's Deputies, Plaintiff has not alleged a plausible cause of action based on a §1983 malicious prosecution claim. Plaintiff, therefore, cannot take advantage of the April 15, 2005 accrual date for a three year statute of limitations period related to a §1983 malicious prosecution claim.

*2. Requests for Awards of Attorney's Fees and Costs*

The Bernalillo County Defendants request that they be awarded attorney's fees and costs in the event that the Court decides to grant their motion for summary judgment. The Court notes that although the Bernalillo County Defendants sought summary judgment as to all claims against them, the motion for summary judgment really only addressed the NMTCA and §1983 false arrest and false imprisonment claims brought against the Sheriff's Deputies. The Bernalillo County Defendants failed to address the NCIC claim and did not address any of the other claims against Defendants County of Bernalillo, Sheriff's Department, White, Torres, or Lucero. The Court concludes that the Bernalillo County Defendants are not entitled to attorney's fees and costs.

Plaintiff's request for an award of attorney's fees is summarily denied because he did not prevail in opposing the motion for summary judgment.

IT IS ORDERED that:

1. the Bernalillo County Defendants' Motion for Summary Judgment (Doc. No. 35) is granted in that summary judgment will be entered in favor of the Sheriff's Deputies, Defendant County of Bernalillo, and Defendant White with respect to the NMTCA and §1983 false arrest and false imprisonment claims;

2. the Bernalillo County Defendants' request for an award of attorney's fees and costs incurred in bringing this motion for summary judgment is denied; and

3. Plaintiff's request for an award of attorney's fees is denied.

James A. Parker

SENIOR UNITED STATES DISTRICT JUDGE